UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>LIEUTENANT BASS, et al.,<br><br>  Defendants. | Case No. 23-cv-00671-JST<br><br>**ORDER DIRECTING PLAINTIFFS TO FILE RESPONSE TO DEFENDANTS' ADMINISTRATIVE MOTION TO MODIFY SCHEDULING ORDER AND ESTABLISH BELLWETHER CASE; DIRECTIONS TO DEFENDANTS** |
| GABRIEL YOUNG,<br><br>  Plaintiff,<br><br>  v.<br><br>BASS, et al.,<br><br>  Defendants. | Case No. 24-cv-02621-JST |
| MICHAEL LARUE BROWN,<br><br>  Plaintiff,<br><br>  v.<br><br>BASS, et al.,<br><br>  Defendants. | Case No. 24-cv-03599-JST |
| J. ISAAC G. SIERRA,<br><br>  Plaintiff,<br><br>  v.<br><br>C. BASS, et al.,<br><br>  Defendants. | Case No. 24-cv-05348-JST |

| | |
|---|---|
| RUBEN DURAN YEPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06262-JST |
| HERIBERTO HERNANDEZ DELOSSA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06285-JST |
| GUILLERMO P. HERNANDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06286-JST |
| SERGIO A. JIMENEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06428-JST |
| DANIEL DOMINGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>C. BASS, et al.,<br><br>    Defendants. | Case No. 24-cv-06420-JST |

|   |   |
|---|---|
| PATRICIO PULIDO SEGURA,<br>        Plaintiff,<br>    v.<br>C. BASS, et al.,<br>        Defendants. | Case No. 24-cv-06667-JST |
| ALFONSO MEJIA,<br>        Plaintiff,<br>    v.<br>M. TAYLOR, et al.,<br>       Defendants. | Case No. 24-cv-07502-JST |

These related *pro se* civil rights cases concern an October 8, 2022 strip search that occurred at San Quentin Rehabilitation Center. Defendants have filed an administrative motion to modify scheduling orders and to establish a bellwether case. *See, e.g.*, C No. 24-cv-02621 JST, *Young v. Bass*, ECF No. 15. In this motion, Defendants request that (1) the scheduling order in each case be vacated and replaced with a scheduling order that permits the parties to engage in discovery until April 25, 2024; (2) C No. 4:24-cv-06667 JST, *Pulido Segura v. Bass*, be used as a bellwether case to guide resolution of the subsequent cases; (3) the remaining cases be administratively stayed pending the outcome of *Pulido Segura*; and (4) the dispositive motion deadline for *Pulido Segura* for Friday, May 30, 2025. *Id.*

The Court ORDERS each plaintiff to file a response to Defendants' administrative motion by **February 28, 2025**. In light of the plaintiffs' *pro se* status and to assist the plaintiffs in preparing their responses, the Court explains what it means to designate a bellwether case.

*What is a bellwether case?* Generally speaking, when there are a group of similar cases, courts may choose one of the cases as a bellwether case. The bellwether case is considered a test case to "test out" the claims, and is typically used to facilitate settlement in the other similar cases by allowing the parties to determine the strength of the claims. *See Briggs v. Merck Sharp & Dohme*, 796 F.3d 1038, 1051 (9th Cir. 2015). Proceeding first with a bellwether case can

3

potentially conserve resources, limit duplication of discovery, and speed up the litigation process. The bellwether case is resolved first. The remaining cases are resolved after the bellwether case because nothing happens in the remaining cases until the bellwether case is concluded.

*Why a bellwether case here?* These cases involve the same event – the October 8, 2022 strip search. These cases likely involve much of the same evidence and many of the same legal principles. It can therefore be beneficial to designate one of these eleven cases as a "bellwether case" and to apply what is learned from the bellwether case in the other cases. Once the strengths and weaknesses of the bellwether case are known, it is often easier to settle the remaining cases, and easier to try any cases that do not resolve by settlement.

*How does a bellwether case work?* A bellwether case proceeds first while the other cases are stayed. The bellwether case goes through discovery; and then, if appropriate, dispositive motions. Discovery is the process by which the parties request and provide evidence to support or refute the claims alleged in the complaint. In *pro se* cases, dispositive motions, also referred to as summary judgment motions, are usually filed by the defendants. Generally speaking, defendants file a dispositive motion if they believe that, even if the Court believes the plaintiff's version of the facts, the defendants are still entitled to judgment in their favor under the applicable law. If the Court denies the dispositive motion, the case then goes to trial. The case could also settle at any time, if the parties agree to do so. **The outcome of the bellwether case is not binding on the other cases.** The outcome of the bellwether case applies only to the parties to that particular case. The results of the bellwether case are used in the other cases only to provide information as an aid to settlement. *See Briggs*, 796 F.3d at 1051.

*What happens to the other cases?* While the bellwether case is proceeding, all the other cases are administratively stayed. An administrative stay means that the case is paused. No action is taken in these cases during the administrative stay. An administrative stay does not affect the parties' rights. After the conclusion of the bellwether case, the court reopens the stayed cases, and these cases go through discovery, and then dispositive motions and trial, if appropriate.

The Court ORDERS as follows.

1. The Court ORDERS each plaintiff to file a response to Defendants' administrative motion by **February 28, 2025**. In the response, each plaintiff should indicate whether they agree

with or oppose Defendants' motion. At a minimum, each plaintiff must answer the following questions:

- Question 1. Does the plaintiff agree to Defendants' request for a case to be selected as a bellwether case, with the understanding that, if his case is not the bellwether case, his case will be decided later than the bellwether case?

- Question 2. If the plaintiff agrees to the selection of a bellwether case, does the plaintiff agree to have C No. 4:24-cv-06667 JST, *Pulido Segura v. Bass*, serve as the bellwether case? If the plaintiff does not agree with *Pulido Segura* serving as the bellwether case, which case should be the bellwether case?

- Question 3. If the plaintiff agrees to the selection of a bellwether case, does the plaintiff agree to the deadlines proposed by Defendants: April 25, 2025 discovery deadline, and May 30, 2025 dispositive motion deadline? If the plaintiff does not agree with the proposed deadlines, what discovery and dispositive motion deadlines does plaintiff propose?

Each plaintiff may also raise any other issues or concerns regarding Defendants' motion in their response.

2. Defendants should not file a reply to the plaintiffs' responses to their motions. After reviewing plaintiffs' responses, the Court will determine whether a reply is needed from Defendants, and what specific issues should be addressed in the reply.

3. The Court ORDERS Defendants to file their administrative motion in C No. 23-00671 JST, *David Brown v. Bass*, as they appear to have inadvertently omitted filing their administrative motion in that case.

**IT IS SO ORDERED.**

Dated: January 30, 2025



JON S. TIGAR
United States District Judge