1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    DAVID BROWN,                              Case No. 23-cv-00671-JST

                    Plaintiff,
8
                                               **ORDER OF DISMISSAL**
9           v.

10   LIEUTENANT BASS, et al.,

                    Defendants.
11

12

13          Plaintiff has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons

14   set forth below, the Court DISMISSES this action without prejudice pursuant to N.D. Cal. L.R. 3-

15   11.

16          On January 22, 2025, court mail addressed to Plaintiff was returned as undeliverable.  ECF

17   No. 32.  On January 30, 2025, the Court ordered Defendants to determine Plaintiff's current

18   address, as the record indicated that Plaintiff had been paroled and the Court presumed that

19   Plaintiff had provided his parole agent with a contact address.  ECF No. 35.  On February 3, 2025,

20   Defendants reported that while Plaintiff had provided an address to his parole officer upon release

21   from San Quentin Rehabilitation Center in or around November 2024, Defendants could not

22   establish whether Plaintiff still resided at the address.  Defendants reported that Plaintiff had

23   absconded soon after his release; that there was an active warrant for Plaintiff's arrest for

24   absconding; that Plaintiff was transient for the month of November 2024; and that Plaintiff

25   remained missing.  ECF No. 37.

26          N.D. Cal. L.R. 3-11 provides that the Court may, without prejudice, dismiss a complaint

27   when: (1) court mail addressed to the *pro se* party has been returned to the court as not deliverable,

28   and (2) the Court fails to receive within 60 days of this return a written communication from the

United States District Court
Northern District of California

*pro se* party indicating a current address. *See* N.D. Cal. Civil L.R. 3-11(b). More than sixty days has passed since court mail addressed to Plaintiff was returned as undeliverable. Accordingly, this action is DISMISSED without prejudice pursuant to N.D. Cal. Civil L.R. 3-11.

Because the dismissal is without prejudice, Plaintiff may file a motion to reopen the action. Any motion to reopen must be accompanied by Plaintiff's current address and a showing of good cause as to Plaintiff's failure to prosecute and failure to provide the Court with an updated address, as required by N.D. Cal. L.R. 3-11. Judgment is entered in favor of Defendants and against Plaintiff. The Clerk is directed to terminate all pending motions as moot, and close the case.

**IT IS SO ORDERED.**

Dated: March 27, 2025



_____
JON S. TIGAR
United States District Judge